## Case No. 14,198.

### TROY IRON & NAIL FACTORY v. ERASTUS CORNING et al.

[10 Blatchf. 223; 6 Fish. Pat. Cas. 85.] [1]

Circuit Court, N. D. New York. Nov. 27, 1872.

#### Costs—Patent Case.

In the taking of the account of profits in this case, a patent suit, in equity, before the master, the plaintiff greatly exaggerated his claim, and caused a great waste of time, and introduced a large amount of irrelevant evidence, and recovered, in the end, a comparatively small sum. *Held*, that neither party should recover, against the other, any costs or expenses that accrued before the master, embracing the fees of witnesses, the taking and printing of the evidence, and all disbursements before him, but each party should bear his own; and that the compensation of the master, as fixed by the court, should be paid equally by the parties.

[2] [Motion for apportionment of costs. The bill in this case was filed July 10, 1848. A motion was made, on the bill, for a preliminary injunction, and was resisted, on affidavits, and denied. An answer was filed in March, 1849, to which a general replication was put in. The proofs for final hearing were taken in June, 1849. The case was heard thereon, before NELSON, Circuit Justice, in August, 1849. In March, 1850, he rendered a decision dismissing the bill, with costs. [Case No. 14,195.] The plaintiffs appealed to the supreme court, and that court (14 How. [55 U. S.] 193) reversed the decree below, and directed an accounting by the defendants. A decree, in conformity, was made by this court, June 28, 1853, which designated a master pro hac vice, to take the account. He declined to act, and, on October 20, 1853, Reuben H. Walworth, formerly chancellor of the state of New York, was appointed master pro hac vice, in his stead. The taking of testimony before the master was commenced, by the plaintiffs, April 5, 1854. The testimony for the plaintiffs was concluded December 31,

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 10 Blatchf. 223, and the statement is from 6 Fish. Pat. Cas. 85.]
[2] [From 6 Fish. Pat. Cas. 85.]

1863. The testimony for the defendants was commenced February 8, 1855, and was concluded June 10, 1864. The printed record of the pleadings and testimony covers 5,328 printed octavo pages. One witness was under examination 195 days, another 136 days, another 133 days, and another 118 days. The report of the master was made in May, 1866. It found that nothing was due from the defendants to the plaintiffs. On exceptions to the report, the court [Case No. 14,196] directed a decree for the plaintiffs for $8,475.09, with interest from March 31, 1849, to the date of the decree, with costs. A decision as to the taxation of the costs in the cause is reported in [Id. 14,197]. The further circumstances of the case are sufficiently set forth in the opinion of the court.] [2]

Elisha Foote, for plaintiffs.
William A. Sackett, for defendants.

NELSON, Circuit Justice. This is a motion founded upon affidavits, and other papers of record, to have the court determine which of the respective parties shall pay the master's fees that have accrued in the cause, or in what way they shall be disposed of; and, further, to instruct the clerk in respect to the taxation of the costs and expenses which have accrued in the proceedings before the said master. The motion is made in pursuance of a reservation in the order of the 16th of June, 1870, in which compensation for the master's services was determined. The reservation is as follows: "But such payment, and this order, shall be without prejudice to the right of the defendants to claim and insist that the whole, or any part, of the expenses of the reference in this suit, or of the said master's compensation and expenses, should be borne by the adverse party, and, also, without prejudice to the right or claim of the said plaintiffs to tax the whole amount, or any part thereof, and, also, the sums heretofore advanced and paid by the said plaintiffs to the said master pro hac vice, against the said defendants."

This has been a most unfortunate case. The decree therein was founded upon an alleged infringement of a patent for making hook-headed spikes by the use of a bending lever, and was rendered against the defendants, with a reference to a master to ascertain the amount of profits due to the complainants, arising out of said infringement. Some eight years have been consumed before the master, in taking an account of these profits. The complainants claimed before him some $500,000 profits, and $240,000 for damages. The master reported that no profits were made by the defendants from the use of the bending lever. The court, on exceptions to this report, modified it, and found due $8,475.09. This exaggerated

and extravagant claim, together with the irregular and useless course of proceedings before the master in support of it, or rather, in the endeavor to support it, accounts for the painfully protracted litigation. The books of the defendants were called for by the complainants, and were produced, soon after the examination commenced. These contained an account of all the spikes made during the period of the alleged infringement, and, also, the sales, and prices for which sold. These two elements being ascertained, the third, the cost of manufacturing the spikes, was really the only debatable question before the master, for, when that was found, the amount of profits was a question of arithmetic; and, in respect to the cost of manufacture, it was in evidence, that the defendants manufactured the bars or rods out of which the spikes were made, and which had a market value. This left unascertained and undetermined the mere cost of the work or manufacture, exclusive of the price of the material, to be settled by proofs, and most of the facts were to be found in the books, to enable the master to determine this question. I think, upon the evidence before me, that the question of profits before the master should have been satisfactorily determined in the period of three months, certainly, in six, instead of consuming eight years, in the attempt to enhance and aggravate the amount. This evidence was before Judge Shipman and myself, on the argument of the exceptions of the complainants to the report of the master, and was then very particularly examined. It would extend this opinion to an unreasonable length, to go into an examination of it in detail, with a view to show the irrelevancy and immateriality of the largest portion of it, and that it arose chiefly, if not wholly, out of the line of proofs adopted by the complainants. In this view of the case, it is well settled, upon the cases in equity, that the court will apportion the costs according to its view of the fault of the party or parties, or will give to neither party costs against the other. An apportionment, in this case, from the volumes of proofs taken before the master, would lead to endless labor, and then afford a most unsatisfactory result. I shall, therefore, adopt the other alternative, and hold that no costs or expenses that accrued before the master shall be charged by either party against the other. Each party must bear their own. This disposes of witnesses' fees before the master, the taking and printing of the evidence, and all disbursements before him. Upon the same principles, governing courts of equity, no costs are to be taxed in respect to exceptions to the master's report, as nearly all of them were overruled by the court. I have not looked at other items in the bill of costs before me, nor examined them to see if they are in conformity to the law in this court on the subject of taxa-

---

[2] [From 6 Fish. Pat. Cas. 85.]

tion of costs. They are left to the taxing officer.

As to the disposition of the moneys advanced by the respective parties to the master for compensation, as determined by this court, the question is not one of taxation. It was originally agreed, at the time of the appointment of the master, that the court should determine his compensation. That was done by the order of the 16th of June, 1870. A previous order had been made, that each party should make advances, equal in amount, to him, as the cause progressed. I understand that these advances have been made, and, if so, on the ground and principles already established in this opinion, as it respects other expenses before the master, these will be equally divided, and, hence, no order will be necessary. But, if one party has advanced more than the other, he must be reimbursed, to the amount of the excess.

[The complainant filed a bill of revivor, and the case came on for a final hearing upon pleadings and proofs, which bill was dismissed, with costs. Case No. 14,199.]